# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD B. HAGEN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:08-CV-1176 CAS |
| JOHN DOE I, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a).[1] The Court has reviewed the complaint, and the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted

---

[1] Plaintiff paid the $350 filing fee, but at the time he filed this action he was assigned to the St. Louis Community Release Center in St. Louis, Missouri. Accordingly, his pleading must be reviewed pursuant to § 1915A. His motion for leave to proceed in forma pauperis under 42 U.S.C. § 1983 will be denied as moot.

if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: John Doe I (physician at Fulton Correctional Center), David Miner (correctional officer), Manuel Largaespada (physician at Missouri Eastern Correctional Center), and John Doe II (physician at Eastern Reception, Diagnostic and Correctional Center).

Plaintiff claims that upon his admission into custody at the Fulton Correctional Center in January of 2001, he underwent a medical examination by John Doe I. Plaintiff alleges that at the time of his admission he was using a cane and "prescribed medications having been diagnosed with pain and inflammation of the joints to the left hip due to a previous gun shot injury." Plaintiff asserts that, with deliberate indifference to his medical needs, John Doe I discontinued his prescribed medication and "ordered" him to use a wheelchair because of his complaints regarding pain in his left hip.

Plaintiff claims that in January of 2002 he was transferred to Missouri Eastern Correctional Center. Prior to plaintiff's medical screening, defendant Miner allegedly instructed plaintiff to transport his own personal property, despite being confined to a wheelchair. When plaintiff failed to comply with defendant Miner's orders, he was placed in solitary confinement. Plaintiff claims that his placement in solitary confinement by defendant Miner was unlawful.

Plaintiff asserts that in June of 2002 he was seen by an orthopedic specialist who stated that he needed to "regain strength in [the] hip area, along with calf and balancing exercises for ankle." Plaintiff claims that unnamed Department of Correctional officials ignored the doctor's orders and were therefore deliberately indifferent to his serious medical needs.

Plaintiff asserts that in 2002 defendant Largaespada prescribed him medications that caused him pain in his stomach. Plaintiff claims that when he was seen by an emergency room physician for the pain in September of 2002, the physician recommended that plaintiff see a gastrointestinal specialist. Plaintiff alleges that defendant Largaespada ignored the doctor's recommendation and did not refer plaintiff to a specialist, even though plaintiff continued to have stomach problems throughout his time at the Missouri Eastern Correctional Center. Plaintiff admits, however, that defendant Largaespada continued to provide him medical treatment for his stomach pain. Nonetheless, plaintiff disagrees with the course of treatment provided by defendant Largaeaspada, stating that it was insufficient because he continued to have problems.

Lastly, plaintiff claims that when he was transferred to Eastern Reception, Diagnostic and Correctional Center, sometime around 2005 or after, John Doe II also refused to follow the September 2002 ER doctor's orders, wherein plaintiff was recommended to see a gastrointestinal specialist. Plaintiff does not claim, however, that John Doe II failed to provide him treatment for his purported stomach condition.

**Discussion**

Plaintiff's claims against defendants John Doe I, Miner, and Largaespada, as well as his claims against unknown actors of the Department of Corrections, for acts that allegedly occurred in 2001 and 2002, are barred by the statute of limitations, and are therefore, subject to dismissal. See Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005) (noting that § 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations); Mo. Rev. Stat. § 516.120(4). Plaintiff's claims against defendants Largaespada and John Doe II for any acts that allegedly occurred within the limitations period are also subject to dismissal.

Plaintiff has not indicated whether he is suing defendants Largaespada and/or John Doe II in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official - in this case, Correctional Management Services ("CMS"). To state a claim against CMS, plaintiff must allege that a policy or custom of CMS is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978); Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993). The instant complaint does not contain any allegations that a policy or custom of CMS was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's claims against defendants Largaespada and John Doe II for acts which allegedly occurred inside the limitations period fail to state a claim upon which relief can be granted.

Even if plaintiff had brought this lawsuit against defendants in their individual capacities, his claims would still be subject to dismissal. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

As set forth above, plaintiff has not alleged that defendants failed to treat him for his stomach ailments. He merely insists that he should have been referred to a specialist, as recommended by an ER doctor in 2002. Plaintiff's claims amount to nothing more than a disagreement with the course of treatment he was receiving from defendants Largaespada and John Doe II. Such claims fail to rise to the level of a constitutional violation. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)( noting that in order to state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A(b).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis under 42 U.S.C. § 1983 is denied as moot. [Doc. 2]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 5th day of September, 2008.